IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. CURCIO,<br><br>       Petitioner,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>       Respondent | No. C-05-3764 MMC<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

    Before the Court is petitioner's "Petition to Perpetuate Testimony," by which petitioner seeks an order requiring the Federal Bureau of Investigation ("FBI") to photocopy and provide to petitioner a copy of a "fact summation" petitioner asserts he filed with the FBI. (See Petition ¶ 2 and proposed Order attached to Petition.)

    Although petitioner fails to allege any legal authority in support of his petition, his petition is governed by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, which sets forth the circumstances under which a federal agency is required to provide records to a person who has requested them. Under FOIA, a district court "has jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." See 5 U.S.C. § 552(a)(4)(B). A district court, however, does not have jurisdiction to order an agency to produce records unless the complainant has first exhausted his administrative remedies, specifically, by requesting

that the agency provide the records, in accordance with that agency's published procedures, and thereafter receiving a denial of such request.  See United States v. Steele, 799 F. 2d 461, 465-66 (9th Cir. 1986) (holding district court lacks jurisdiction to consider FOIA claim, where complainant has not requested documents at issue from federal agency; noting FOIA requires complainant to "request specific information in accordance with published administrative procedures" and precludes filing of federal action unless agency "improperly refused" to provide requested documents).

      Here, petitioner fails to allege that he has requested the "fact summation" from the FBI, in accordance with published administrative procedures, and that the FBI, having received such request, denied the request.  Consequently, the Court lacks jurisdiction to consider the petition.  See id.

      Accordingly, the petition is hereby DISMISSED.  See Fed. R. Civ. P. 12(h)(3) (providing district court "shall dismiss" action over which it lacks jurisdiction). The Court will afford petitioner leave to amend to allege, if he can, that he exhausted his administrative remedies prior to filing the instant petition.  Any such amended petition shall be filed no later than October 31, 2005.  If petitioner fails to file an amended petition that sufficiently alleges exhaustion of administrative remedies, the Court will dismiss the action, without prejudice to petitioner's filing a new petition after he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated:  October 13, 2005

MAXINE M. CHESNEY
United States District Judge